IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL SMITH,

    Plaintiff,

vs.                                                                       No. CIV 11-0934 JB/WDS

WNMCF,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court: (i) under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on the Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed October 19, 2011 (Doc. 1)("Complaint"); and (ii) on the Plaintiff's Motion to Amend, filed January 13, 2012 (Doc. 6)("Motion to Amend"). Smith is incarcerated, appears pro se, and is proceeding in forma pauperis. The Court will deny the Motion to Amend as futile and dismiss the Complaint.

The Court has the discretion to dismiss an in forma pauperis complaint sua sponte under § 1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2). The Court also may dismiss a complaint sua sponte under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991)(quoting McKinney v. Okla. Dep't of Human Servs., 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing Smith's pro se Complaint, the Court applies the same legal standards

applicable to pleadings that counsel drafts, but liberally construes the allegations. See Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The Complaint alleges that Smith's state criminal sentence has expired, but that Defendant WNMCF[1] will not release him. Attached as exhibits to the Motion to Add Documentation to Case # 11-CV-00934-JB/WDS, filed March 21, 2012 (Doc. 7)("Motion to Add Documentation"), and the Motion to Amend are statements calculating his good-time credits. Smith contends that WNMCF's actions amount to illegal imprisonment and have caused him mental anguish. For relief, the Complaint seeks damages. His state court judgment indicates that: (i) he was sentenced on June 28, 2011; (ii) he received two years of incarceration and an additional six months of a suspended sentence where he is to be placed on unsupervised probation; and (iii) he should receive credit for 564 days of pre-sentence confinement. See New Mexico v. Smith, No. CR 09-04317, Judgment, Partially Suspended Sentence and Commitment to the New Mexico Department of Corrections at 5-6 (dated July 18, 2011), filed March 21, 2012 (Doc. 7)("State Court Judgment").

Smith's allegations of confinement beyond the term of his sentence appear to call into question the legality of his incarceration. In his Complaint filed on October 19, 2011, Smith asks for "$1,500 per day of illegal incarceration," because he "was sentence[d] to 2 years in prison and [he has] completed the 2 yr sentence in its entirety." Complaint at 2, 5. From the date of filing this lawsuit, October 19, 2011, Smith would have still had approximately fifty-three days left to serve

---

[1]The Complaint's caption names a correctional facility as the Defendant. In the text of the Complaint and in the Motion to Amend, filed January 13, 2012 (Doc. 6), Smith names: (i) a deputy warden -- Deanna Hoisington; (ii) a unit manager -- Melissa Ortiz; and (iii) a case worker -- Denise Gonzales. Because Smith's factual allegations fail to state a claim for relief, the Court will not require him to specifically identify a responsible party. Cf. Robbins v. Oklahoma, 519 F.3d 1242, 1249-50 (10th Cir. 2008)("[T]o present a plausible right to relief . . . . , it is particularly important . . . that the complaint make clear exactly who is alleged to have done what to whom." (emphasis in original)).

on his sentence -- a total of two years or 730 days.  According to the Judgment, he had credit for 564 days of pre-sentence confinement as of June 28, 2011.  The time period from June 28, 2011, to October 19, 2011, is 113 days, which means that Smith had served 677 days as of the date of filing.  The difference between 730 days and 677 days is fifty-three days.  Smith is, therefore, asking for damages for "illegal incarceration" for a period of incarceration that is part of his state sentence.  Complaint at 5.  Heck v. Humphrey, 512 U.S. 477 (1994), which held that a convicted defendant may not bring a suit for damages under 42 U.S.C. § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," bars this claim until he exhaust his respective habeas relief.  512 U.S. at 487.  "[W]here success in a prisoner's § 1983 damages action would implicitly question the . . . duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying . . . sentence."  Muhammad v. Close, 540 U.S. 749, 751 (2004).  Accord Slack v. Jones, 348 F.App'x 361, 364 (10th Cir. 2009)(unpublished)(noting that Heck v. Humphrey bars a claim under § 1983 for "prolonged incarceration").

The Complaint does not allege that Smith's sentence has been set aside, vacated, or otherwise modified, see Heck v. Humphrey, 512 U.S. 486-87, or that he has had good-time credits restored, see Caserta v. Kaiser, 232 F.3d 900, 2000 WL 1616248, at *2 (10th Cir. 2000)(unpublished table decision).  Smith's allegations thus fail to state a claim cognizable under § 1983.  See Webber v. Weaver, 6 F.App'x 706, 708 (10th Cir. 2001).  Cf. Fottler v. United States, 73 F.3d 1064, 1065-66 (10th Cir. 1996)(noting that a plaintiff who overturns conviction may then bring § 1983 action).

Additionally, courts have required that, in the context of habeas relief, that all necessary exhaustion occur at the time of filing the action in federal court -- which is not met here because of the fifty-three days remaining on Smith's sentence along with the dispute over good time discussed

in his Motion to Amend. See Chapman v. Pennsylvania, 82 F.App'x 59, 64-65 (3d Cir. 2003)(unpublished)("This is not a situation where the remedy of federal habeas was unavailable to Chapman, but rather presents a case in which, at the time he filed his § 1983 complaint, Chapman simply had not first exhausted state remedies nor availed himself of the federal habeas option."); Demarest v. Price, 130 F.3d 922, 932 (10th Cir. 1997)("Under the doctrine of exhaustion, a state prisoner must generally exhaust available state court remedies before filing a habeas corpus action in federal court."); Wilson v. Winston-Salem Police Dep't, 59 F.3d 168, 1995 WL 370433, at *1 (4th Cir. 1995)(unpublished table decision)("With respect to No. 95-6153, to the extent that his action sounds in habeas, Wilson has failed to demonstrate exhaustion of state remedies. His conviction for murder was not final at the time of the filing of his complaint."); Beaty v. Patton, 700 F.2d 110, 112 (3d Cir. 1983)("In Santana, this Court held that petitioner had failed to exhaust his state remedies because, at the time he filed his habeas corpus petition in the federal district court, the time for seeking state relief had not yet expired." (emphasis in original)). Notably, Smith alleges that he is still in state custody in his Petition, see Petition at 1, and his most recent filings indicate that he is still in state custody, see Motion to Add Documentation at 8 (containing a return address for the WNMCF that is file-stamped March 21, 2012). Thus, federal habeas relief is not yet foreclosed under 28 U.S.C. § 2254(a), which states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

There also appears to be some dispute over Smith's good-time credit, as Smith asserts in his Motion to Amend that WNMCF "stopped my good time." Motion to Amend at 1. It is not clear

whether Smith filed this Motion to Amend as a supplemental pleading or as an attempt to amend his original Complaint. He notes that he "submitted 2 parole plans" that prison officials ultimately rejected. Motion to Amend at 1. He asserts that they denied one of his parole plans, because he does not have the funds to stay at a halfway house. See Motion to Amend at 1. He contends that they denied his other plan, because the plan would have involved him living out of the State in Seattle, Washington. See Motion to Amend at 1. He asserts that they improperly stopped his good time, because he: (i) "never failed to submit a parole plan"; (ii) he does not "have the financial means" for one of his plans; and (iii) "put fourth [sic] an effort" to come up with a parole plan. Motion to Amend at 1. It is not clear what form of relief Smith seeks in this Motion to Amend, as there is no definite request for relief. See Motion to Amend at 1.

Ultimately, granting the Motion to Amend would be improper based on the nature of the allegations in the Motion to Amend. Smith is not alleging that the proceedings the prison officials have put in place are unconstitutional, which would be actionable in a § 1983 proceeding, but has instead challenged the decision the prison officials reached on parole. See Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005). As the Supreme Court of the United States has explained:

> [A] state prisoner's § 1983 action is barred (absent prior invalidation) -- no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) -- if success in that action would necessarily demonstrate the invalidity of confinement or its duration.
>
> Applying these principles to the present case, we conclude that respondents' claims are cognizable under § 1983, i.e., they do not fall within the implicit habeas exception. Dotson and Johnson seek relief that will render invalid the state procedures used to deny parole eligibility (Dotson) and parole suitability (Johnson). Neither respondent seeks an injunction ordering his immediate or speedier release into the community. And as in Wolff, a favorable judgment will not "necessarily imply the invalidity of [their] conviction[s] or sentence[s]." Success for Dotson does not mean immediate release from confinement or a shorter stay in prison; it means at most new eligibility review, which at most will speed consideration of a new

>   parole application.  Success for Johnson means at most a new parole hearing at which Ohio parole authorities may, in their discretion, decline to shorten his prison term.  Because neither prisoner's claim would necessarily spell speedier release, neither lies at "the core of habeas corpus."  Finally, the prisoners' claims for <u>future</u> relief (which, if successful, will not necessarily imply the invalidity of confinement or shorten its duration) are yet more distant from that core.

<u>Wilkinson v. Dotson</u>, 544 U.S. at 81-82 (alterations in original)(emphasis in original)(citations omitted).

Here, "no matter the relief sought (damages or equitable relief)," the claim Smith seeks to assert would necessarily imply the invalidity of his sentence -- more specifically, that prison officials improperly stopped his good time.  <u>Wilkinson v. Dotson</u>, 544 U.S. at 81-82.  He asks the Court to award him relief on the basis that the prison officials incorrectly stopped his good time, because they improperly denied his parole proposals.  He does not challenge the constitutionality of those procedures under which they denied his parole proposals, but instead alleges that the prison officials reached the incorrect result in their determination.  See <u>Edwards v. Balisok</u>, 520 U.S. 641, 645 (1997)(recognizing that, in a case where the plaintiff challenged a prison "disciplinary proceeding," a "claim [that] posited that the procedures were wrong, but not necessarily that the result was" is not subject to <u>Heck v. Humphrey</u>, because of "the plaintiff's entitlement to recover at least nominal damages under § 1983 if he proves the former [claim] without also proving the latter [claim]").  Seeking damages or equitable relief for suspension of his good time is subject to the requirements in <u>Heck v. Humphrey</u>, because the requested relief would "necessarily imply the invalidity of the deprivation of [Smith's] good-time."  <u>Edwards v. Balisok</u>, 520 U.S. at 647 (discussing deprivation of good-time credits).  Consequently, the Court will deny the Motion to Amend as futile under rule 15 of the Federal Rules of Civil Procedure in light of the nature of the allegations.  See <u>Higgins v. City of Tulsa, Okla</u>, 103 F.App'x 648, 652 (10th Cir. 2004)(unpublished)("Because Mr. Higgins'

§ 1983 claim is barred by Heck, it is "patently obvious" that plaintiffs could not prevail and allowing them an opportunity to amend would be futile."). Smith's allegations indicate that he has not been released because of a dispute over his good time, which, given the relief he seeks and the nature of his allegations, means he must pursue that claim in a habeas proceeding. Furthermore, his most recent filing as of March 21, 2012 indicates that he is still in custody. See Motion to Add Documentation at 8 (containing a return address for the WNMCF that is file-stamped March 21, 2012).

The next question before the Court is whether it should dismiss the case without prejudice, stay the case until Smith completes a habeas action, or permit Smith leave to amend his Complaint to instead file a habeas petition. An older Tenth Circuit case has indicated that a prisoner can potentially bring a habeas petition and a § 1983 action in the same proceeding. See Rhodes v. Hannigan, 12 F.3d 989, 992 (10th Cir. 1993)("We, too, have recognized that although a § 1983 action and a habeas corpus action can be joined, there is no requirement that a prisoner do so."). More recent Supreme Court and Tenth Circuit cases, however, have suggested that dismissal without prejudice of a § 1983 claim subject to Heck v. Humphrey is the most common course of action. See Heck v. Humphrey, 512 U.S. at 489 ("Applying these principles to the present action, in which both courts below found that the damages claims challenged the legality of the conviction, we find that the dismissal of the action was correct."); Jeffries v. Guilfoyle, 105 F.App'x 227, 229 (10th Cir. 2004)(unpublished)("Under the circumstances of this case, a judgment in favor of Mr. Jeffries would necessarily imply the invalidity of the punishment imposed by the January 2003 disciplinary action. . . . [T]he order dismissing the official capacity claims under the Eleventh Amendment and dismissing without prejudice the remaining claims is AFFIRMED."); Higgins v. City of Tulsa, Okla, 103 F.App'x at 652 ("Because Mr. Higgins' § 1983 claim is barred by Heck, it is "patently obvious"

that plaintiffs could not prevail and allowing them an opportunity to amend would be futile."); Moore v. Williams, 23 F.App'x 889, 892 (10th Cir. 2001)(unpublished)("If successful, Moore's suit would render his sentence invalid and is therefore barred under Heck. The district court did not err in dismissing the complaint without prejudice."). The Supreme Court in Edwards v. Balisok directly states that dismissal is the preferred route:

> Since we are remanding, we must add a word concerning the District Court's decision to stay this § 1983 action while respondent sought restoration of his good-time credits, rather than dismiss it. The District Court was of the view that once respondent had exhausted his state remedies, the § 1983 action could proceed. We reemphasize that § 1983 contains no judicially imposed exhaustion requirement; absent some other bar to the suit, a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed.

520 U.S. at 649 (citations omitted).

Consequently, the Court will dismiss this action without prejudice. The Court notes that, if Smith is released before he has time to complete his habeas action, he may then bring a § 1983 claim upon his release and will no longer have to comply with the bar in Heck v. Humphrey. See Cohen v. Longshore, 621 F.3d 1311, 1317 (10th Cir. 2010)("We thus adopt the reasoning of these circuits and hold that a petitioner who has no available remedy in habeas, through no lack of diligence on his part, is not barred by Heck from pursuing a § 1983 claim."). Thus, the Court believes that Smith will ultimately suffer no prejudice from dismissal without prejudice, particularly given that no parties have entered an appearance in this action and the case is still in its early stages. To help guide Smith, the Court notes that there is a one-year period of limitations on filing habeas claims that would apply to Smith's claims. See 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."). Additionally, there is a three-year period of limitations on § 1983 claims in New Mexico. See N.M.S.A. 1978, § 37-1-8 ("Actions must be brought . . . for an injury to the person or

reputation of any person, within three years."); McCarty v. Gilchrist, 646 F.3d 1281, 1289 (10th Cir. 2011)("The statute of limitations period for a § 1983 claim is dictated by the personal injury statute of limitations in the state in which the claim arose . . . .").

**IT IS ORDERED** that the Court will deny the Plaintiff's Motion to Amend, filed January 13, 2012 (Doc. 6). The Court will dismiss without prejudice the Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed October 19, 2011 (Doc. 1).

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Michael Smith
Western New Mexico Correctional Facility
Grants, New Mexico

    *Plaintiff pro se*